

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00893-CR

The **STATE** of Texas,
Appellant

v.

Pastor **HERNANDEZ VILLEDA**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13946CR
Honorable Dennis Powell, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:     Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2024

AFFIRMED

The State of Texas appeals the trial court's order granting Pastor Hernandez Villeda's requested habeas relief and dismissing his criminal case with prejudice. We affirm.

### BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety ("DPS") to initiate Operation Lone Star ("OLS") and "devote additional law enforcement resources toward deterring illegal border crossing and protecting [] border communities." He further directed "DPS to use available resources to enforce all applicable federal and state laws to

prevent criminal activity along the border, including criminal trespassing, smuggling, and human trafficking, and to assist Texas counties in their efforts to address those criminal activities."

As part of OLS, Hernandez Villeda, a noncitizen, was arrested for criminal trespass on October 13, 2022, in Kinney County. On October 18, 2022, Hernandez Villeda filed an application for writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3(a). Specifically, Hernandez Villeda argued that the State's selective enforcement[1] of criminal trespass against men, and not similarly situated women, as part of OLS violated his constitutional rights. The trial court granted the writ and set the matter for an evidentiary hearing on November 18, 2022.

At the hearing, the trial court heard the merits of Hernandez Villeda's pretrial habeas claim, along with twenty-one other cases, all filed on selective enforcement grounds. We described the evidence presented at this hearing in a previous opinion, *State v. Gomez*, — S.W.3d —, No. 04-22-00872-CR, 2023 WL 7552682, at *1–4 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed), as both the habeas claim in *Gomez* and the habeas claim in the instant case were heard at the same time. After considering the evidence presented at the hearing, on December 21, 2022, the trial court found that Hernandez Villeda had presented a prima facie selective-enforcement claim on the basis of equal protection and further found that the State had not met its burden of justifying

---

[1] The terms "selective prosecution" and "selective enforcement" are sometimes used interchangeably, although they are distinct claims. *See Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at *2 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (citations omitted). Here, while Hernandez Villeda's pretrial habeas application sought dismissal on "selective-prosecution" grounds, the evidence Hernandez Villeda presented in his application and at the hearing shows that under OLS, law enforcement officers arrested and charged men, but not women, for criminal trespass—evidence that indicates Hernandez Villeda was asserting a selective-enforcement claim. *See id*. at *2–3 & n.2. Moreover, the trial court, in its order granting Hernandez Villeda habeas relief, found that Hernandez Villeda was "the target of selective enforcement" and that "the unconstitutional prosecution is fully implemented at the level of arrest of only male suspects." We therefore conclude that Hernandez Villeda effectively presented a selective-enforcement claim and that the trial court construed his claim as one for selective enforcement, and we will refer to his claim as a selective-enforcement claim. *See id*. at *3.

the discriminatory treatment. Consequently, the trial court granted Hernandez Villeda's requested relief and "order[ed] the criminal prosecution against Applicant be dismissed with prejudice." The State appealed.

## DISCUSSION

In its brief, the State argues the trial court erred in granting relief on Hernandez Villeda's selective-enforcement equal protection claim for the following three reasons: (1) his claim is not cognizable in a pretrial habeas proceeding; (2) he did not present a prima facie case of selective-enforcement on the basis of a violation of his equal protection rights; and (3) the State met its burden of showing its policy passes "the strictest of scrutiny." These are the same arguments brought by the State in *Gomez*, 2023 WL 7552682, at \*4. For the reasons enunciated in *Gomez*, we hold that Hernandez Villeda's claim is cognizable in a pretrial habeas proceeding, that the trial court did not abuse its discretion in determining that Hernandez Villeda met his burden of showing a prima facie claim for selective enforcement on the basis of gender discrimination, and that the trial court did not abuse its discretion in determining that the State had not met its burden to justify its discriminatory conduct under either strict scrutiny (Hernandez Villeda's state claim) or intermediate scrutiny (Hernandez Villeda's federal claim). *See id*. at \*4–6; *Ex parte Marcos-Callejas*, — S.W.3d —, No. 04-23-00327-CR, 2024 WL 2164653, at \*3–4 (Tex. App.—San Antonio May 15, 2024, no pet. h.); *Ex parte Aparicio*, 672 S.W.3d 696, 716 (Tex. App.—San Antonio 2023, pet. granted). Therefore, we affirm the trial court's order granting Hernandez Villeda habeas relief and dismissing his criminal case with prejudice.

Irene Rios, Justice

DO NOT PUBLISH